(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Jaye D. White
(Name of Plaintiff or Plaintiffs)

07-719

v.                                   CIVIL ACTION No. 07C-06-054

Dover Downs
(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at P.O. Box 1265
   (Street Address)
   Dover     Kent     De.     19903
   (City)   (County)  (State)  (Zip Code)
   302- 382-5946
   (Area Code) (Phone Number)

3. Defendant resides at, or its business is located at 1131 North Dupont Highway
   (Street Address)
   Dover     De     De.     19901
   (City)   (County)  (State)  (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's Dover Downs place of business
   (Defendant's Name)
   located at 1131 North Dupont Highway
   (Street Address)
   Dover     Kent     De.     19901
   (City)   (County)  (State)  (Zip Code)

5. The alleged discriminatory acts occurred on ___5th___, ___May___, ___2006___.
                                                                                                                  (Day)         (Month)       (Year)

6. The alleged discriminatory practice  ☒ is   ☐ is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,
   ___EEOC + FEPA___  _____  ___Milford___  ___De.___
   (Agency)         (Street Address)   (City)
   _____, regarding
   (County)   (State)   (Zip Code)
   defendant's alleged discriminatory conduct on ___June___, ___21st___, ___2006___.
                                                                                       (Day)     (Month)    (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: ___7___, ___11___, ___2007___.
                                                                                                          (Day)    (Month)    (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: ___August___, ___8th___, ___2007___.
                                                                     (Day)    (Month)    (Year)

**(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    - A. ☐ Failure to employ plaintiff.
    - B. ☒ Termination of plaintiff's employment.
    - C. ☐ Failure to promote plaintiff.
    - D. ☐ Other acts (please specify below)

See attached papers

11. Defendant's conduct is discriminatory with respect to the following:
   A. ○ Plaintiff's race
   B. ○ Plaintiff's color
   C. ✖ Plaintiff's sex
   D. ○ Plaintiff's religion
   E. ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.  yes.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, Plaintiff prays as follows: (Check appropriate letter(s))

   A. ○ That all fees, cost or security attendant to this litigation be hereby waived.
   B. ○ That the Court appoint legal counsel.
   C. ✖ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/7/07

_Jaye D. White_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

EEOC Form 161 (3/98)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Faye D. White<br>P.O. Box 1265<br>Dover, DE 19903 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2006-01070 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                                August 8, 2007

Enclosure(s)                     Marie M. Tomasso,                        *(Date Mailed)*
                                 District Director

cc: DOVER DOWNS
    PO BOX 843
    DOVER, DE 19903



May 5, 2006

To Whom It May Concern:

Faye D. White was a full-time employee of Dover Downs, Inc. Her dates of employment were from 8/28/00 to 5/5/06. She was employed as a Security Officer. Her rate of pay was $10.20 per hour.

Sincerely,

Susan M. Muncey
HR Representative

/sm

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 17C-2006-01070 |
| Delaware Department of Labor | | and EEOC |
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Faye D. White | (302) 382-5946 | -1942 |

Street Address: P.O. Box 1265, Dover, DE 19903
City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DOVER DOWNS | 15 - 100 | (302) 674-4600 |

Street Address: Po Box 843, Dover, DE 19903
City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                      City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-11-2006     Latest: 05-04-2006

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Jurisdiction: Charging Party was employed at Respondent's Dover, DE location from 08/28/2000-04/30/2006.
Charging Party's protected class: Sex (female), Disability.
Adverse employment action: Harassment (Hostile Work Environment), Terms and Conditions, Discharge.
Brief statement of allegations: Charging Party was discriminated against based on her sex (female) and disability when Respondent subjected her to a hostile work environment, changed the terms and conditions of her employment, and then discharged her. Charging Party states Manager Charles Mosley (male) began subjecting her to numerous incidents of harassment upon discovering details of her employment file. Mr. Mosley began subjecting Charging Party to verbal harassment concerning her sex and her disability. Due to her disability, Charging Party was required to wear her metal security badge on her waist as an alternative dress appearance to her uniform. On numerous occasions, Mr. Mosley commented to Charging Party that she must view herself as "Some sort of detective," because she was the only security officer permitted to wear her badge on her waist. When Charging Party requested to utilize the facility restrooms due to her disability, Mr. Mosley would frequently complain to Charging Party concerning this. On numerous occasions, Mr. Mosley stated to Charging Party that, "All you women have to go to the bathroom all of the time." Mr. Mosley would also frequently complain over Respondent's security radio frequency in response to Charging Party's requests, disclosing Charging Party's disability to all the security employees. When Charging Party notified Manager Eric Sasse (male) that she didn't feel good but that she was still able to perform the essential functions of her duties, Mr. Sasse relieved her of her duties and then issued her a written reprimand. Charging Party was then discharged as a pretext to mask discrimination based upon her sex and disability.
Respondent's explanation: Human Resources Representative Nicole Romano discharged Charging Party due to "occurrences."
Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended; the State of Delaware's Discrimination in Employment Act, as amended.
Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party's employee file details and medical information was disclosed by management personnel to Charging Party's coworkers and other managers. Upon Mr. Mosley's discovery of this information in Charging Party's file, Mr. Mosley disclosed to Charging Party that he was aware of the information in her employee file. Mr. Mosley then began subjecting Charging Party to the aforementioned actions until she was discharged from her duties. Mr. Mosley's numerous derogatory comments and responsive actions indicated a predisposition to discriminate based upon Charging Party's sex and disability. Additionally, Charging Party states that in 2004, the specifics of her disability were disclosed to all coworkers when a new employee, Security Officer Dawn (Unknown Last Name), stated to coworkers over the security department's radio frequency that Charging Party was unable to perform a specific duty in the facility "Hard Count Room" because it would affect her disability. Charging Party states that in that statement, Dawn disclosed specific information concerning Charging Party's disability that was in her medical records.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

| | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jun 21, 2006 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date     Charging Party Signature | |



# Commonwealth of Pennsylvania

## Governor's Office

### To all to whom these Presents shall come, Greeting:

**Whereas,** At a Court of _____Common Pleas_____ in and for the County of __Philadelphia__ held at __Philadelphia__ in said County at __No. 75-03-1624, --__ Sessions, A. D. one thousand nine hundred and __seventy-five__ a certain __FAYE D. WHITE__ was convicted upon __a__ certain Indictment charging __her__ with the crime of __Voluntary Manslaughter__

and was by the said Court on the __25th__ day of __September__ A. D. one thousand __nine__ hundred and __seventy-five__ thereupon sentenced __her__ to pay a fine of __--__ to the Commonwealth, the costs of prosecution and __Seven Years Non-reporting Probation.__

**And Whereas,** The Board of Pardons, after full hearing, upon due public notice, and in open session, have recommended to me, in writing, with the reasons therefor, at length, the pardon of the said __FAYE D. WHITE__, which recommendation and reasons have been filed in the office of the Lieutenant Governor.

**Therefore, Know Ye,** That in consideration of the premises and by virtue of the authority vested in me by the Constitution, I have pardoned the said __FAYE D. WHITE__ of the crime whereof __she__ was convicted as aforesaid, and __she__ is hereby thereof fully pardoned accordingly. Subsequent to the date I affix my signature below, conviction for a new summary, misdemeanor, or felony offense may, upon a hearing by the Board of Pardons, render my granting of this clemency null and void.

**Given** under my hand and the Great Seal of the State, at the City of Harrisburg, this __twenty-eighth__ day of __January__ in the year of our Lord one thousand nine hundred and __ninety-three__

By the Governor: *Robert P. Casey*
Governor of Pennsylvania

*Vincent G. Guest*
DEPUTY Secretary of the Commonwealth

3-22-93
784
9300-2887

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE COURT OF COMMON PLEAS CRIMINAL TRIAL DIVISION |
| VS. : | CP75-03-1624 |
| FAYE D. WHITE 6037 WEST THOMPSON STREET PHILADELPHIA, PA. 19151 : | PP# 500201 |

RECEIVED FEB 18 1993

ORDER

AND NOW, this 22 day of Mar, 1993, upon consideration of the within petition and upon motion of FAYE D. WHITE, Petitioner, it is ORDERED AND DECREED that Richard Neal, Commissioner of Philadelphia Police and Glenn Walp, Commissioner of Pennsylvania State Police destroy or deliver to the Petitioner or her representative, all criminal records, fingerprints, photographic plates and photographs pertaining to the arrest(s) of March 1, 1975, and that the Commissioner request that the Federal Bureau of Investigation return all records pertaining to the same arrest(s) for destruction by the Pennsylvania State Police, and that William Fisher, Deputy Court Administator, Date Processing Unit, have the same removed from computer indexes maintained by this Court.

BY THE COURT:

I HEREBY CERTIFY the foregoing to be a true and correct copy of the original as filed of record in this office.

PRO CLERK
QUARTER SESSIONS COURT

# Battered widow won't give up her fight for pardon

*"Yet because this widow troubled me, I will avenge her, lest by her continual coming she weary me..."*
— Luke 18:5



**Elmer Smith**

Faye White believes the Pennsylvania Board of Pardons will get weary before she does. Like the widow in her favorite Bible passage, she figures to wear them down by her continual coming.

Bet on it.

She's one of these people who thinks the bottom is just something to bounce off. The board has twice denied her petitions for a pardon from a 1975 voluntary manslaughter conviction.

But she figures they can say "no" only so many times.

They know she has rewoven the frayed fabric of five tattered lives, single-handedly protecting her four oldest children from the worst consequences of the sudden act that killed their father and made their mother a criminal in the eyes of the law.

Even retired state Supreme Court Justice Juanita Kidd Stout, who was a Common Pleas Court judge when she sentenced White to seven years probation, "strongly" recommended her pardon in letters to the board calling White "law-abiding, conscientious and trustworthy."

"And I will support her every time she comes up," Justice Stout said yesterday. "I'm for Faye White 100 percent all the way."

So far, supportive letters from Stout and dozens of religious and community leaders have not been enough.

Nor has the board been sufficiently swayed by White's years of community service in projects for battered women; her 15 years as Democratic committeewoman for the 34th ward, 6th division; as Democratic state committee person in the 7th state senatorial district.

She's been close. In 1989, she won the board's recommendation only to have it reversed when a member who voted for her had to withdraw his vote because he had served as her lawyer years earlier.

There's no guarantee she will persuade the two people who have voted against her petition or that the governor would then grant it.

Believing things will get better keeps her coming back. But it's also an element in her tragedy. If she hadn't believed her husband would change, she may have run for her life and saved his.

"She had taken so much abuse for years and years," Justice Stout recalled.

"I could not find her not guilty under the law and it wasn't a self defense case.

"But there had been such a sad history of abuse."

Says White: "I understand battered women. People say why don't they just leave? But where do you go when you have four [ages 8-14 at the time] children.

"I don't know how a lot of women feel, but I always had hoped that things would change. I never gave up hope.

"For years, I lived in police stations and hospitals. I thought he would kill me that day. Those police reports and hospital reports probably saved me out of jail.

"But I knew it wasn't all his fault. He spent his life trying to find a father he never knew. That hurt him so he struck out at me."

She has suffered two heart attacks, been through another failed marriage and has seen her business fail for lack of financing.

She thinks that if she didn't have a criminal record, she might find a good job to provide for herself and her 11-year-old daughter.

"Maybe I could find something helping battered women. I really believe I could help them."

I'd bet on it.



White... 'helps others'

*Elmer Smith is associate editor of the Daily News Opinion Pages. His column appears every Tuesday and Thursday.*



*Supreme Court of Pennsylvania*

*Juanita Kidd Stout*
*Justice*
(Retired)

June 24, 1993

Dear Faye,

Thank you more than words adequately can express for the beautiful and unique gift of the leather-bound Bible and for your heartwarming letter. I am most appreciative for both of them and apologize for the delay in writing. Your gift and letter arrived as I was leaving for Oklahoma.

Despite my sincere gratitude for all of the kind things you said about me, in my opinion you are giving me much too much credit. Your success is as a result of your steadfast belief in God, which I share; your good character, your hard work, your kind heart, and your determination to overcome a sad situation which was not your fault in the first place. Keep on keeping on. You have not reached the limit of your potential yet.

I am glad you are my friend. I shall be yours always.

Most sincerely,

Juanita

On 01/11/06 approximately 1720 hours, I got on the radio and stated "Faye off the floor for a personal." I used the restroom and noticed the toilet leaking and then left the bathroom and approached the Delmarva cleaning lady to tell her about the water on the floor. At this point I was still in my area between the BCT. The next thing is I heard Charles Mosley come over the radio and state "Faye what is your location". I got back on the radio and stated "BCT" and I'm in my area" and Charles M. stated "No your never in your area and stated "Your Location" and I (Faye) stated "BCT". Then I noticed Charles head over the slot machines and then I said on the radio "Charles I'm looking right at you". He then approached me in a hostile manner and I explained to him about toilet in the restroom. Charles then started talking off the wall and I stated "excuse me" and started walking away. He was using a tone of voice that I thought was inappropriate in an area where the customers are. So, I continued walking heading towards the podium. At this time I am still in my section and now going to my next section which was "DEF". Charles is now still behind me and beginning to yell and scream stating "you are never in your section, you don't do this, you don't do that." I then turned around and said Charles you're not going to harass me tonight, your not going to do this tonight to me. Charles then walked past me and turned around and stood in front of me. I said excuse me and walked around him. He was waving his hands saying "you come in here, come here". I stated I am not coming in there by myself, you can get someone to come in there with me and he said no. I felt fearful and afraid. His body language and actions at that particular time, I wasn't going near him. So I was standing at the podium and I said talk to me out here. Charles then stated you are insubordinate to me and I am going to HR and Faye you're leaving. Charles shut the door and started walking from the podium going down towards the lottery and I went towards the terrace. I didn't want to walk behind because I didn't want to be confronted by him. I then proceeded to Mitch's office, door was closed, and then went to Lee Ford's and that door was closed. Then a surveillance technician came out the door with dinner in his hands and I started to begin to tell him what happened because I was scared of Charles Mosley. I then went back on the floor towards my section and I saw Charles. Charles called me on the radio and said "Faye come to the office" and I said "Faye on the way". I approached the office and he said come in here and I said no, you can talk to me out here. I went to the door and I don't remember what happened from there. I do know that on the desk my ID and papers where on the desk and I asked Charles for my pace maker card and ID to carry a weapon. Charles said now you need to leave off the floor. And I said what am I suspended and he said yes you are suspended. I asked him, do you want me to sign out and he said I don't care what you do. I then came to HR. HR called Mitch and I spoke to Mitch. Mitch then explained to me what type of suspension I was on.

_Faye White_

# DEPARTMENT OF LABOR

DIVISION OF UNEMPLOYMENT INSURANCE
APPEALS
4425 N. MARKET STREET
P. O. BOX 9950
WILMINGTON, DE 19809

## REFEREE'S DECISION

CLAIMANT

Faye D. White
C/O A Second Chance
P O Box 1265
Dover, DE 19903-1265

EMPLOYER

Dover Downs
C/O TALX UC Express
P O Box 283
St. Louis, MO 63166-0283

APPEAL DOCKET NUMBER: 438212

SOCIAL SECURITY NO.         0886

DATE OF CLAIM: 05-07-2006

DATE OF APPEAL: 06-12-2006

DATE OF HEARING: 07-11-2006

PLACE OF HEARING: Dover

DATE DECISION MAILED: 07-12-2006

LAST DAY TO FILE AN APPEAL: 07-22-2006

### RIGHT OF FURTHER APPEALS

Section 3318, Title 19, Delaware Code, provides that any interested party involved, the claimant, the employer, or the Claims Deputy has a right of appeal from the decision of the Referee to the Unemployment Insurance Appeal Board, and further provides that the opinion of the Referee "shall be deemed to be the final decision of the Department of Labor unless within 10 days after the date of notification or mailing of such decision further appeal is initiated ..." You are, therefore, hereby notified that if an appeal is not made within the ten-day period specified by law, all further right to appeal is lost and the case cannot be reopened. The appeal may be made at the local office or directed to Department of Labor, Division of Unemployment Insurance. 4425 N. Market Street, P.O. Box 9950, Wilmington, DE 19809.

APPEARANCES: Bettina C. Ferguson, Appeals Referee; Faye D. White, Claimant; Nicole Romano and Mitch Hill, Employer's Witnesses.

CLAIMS DEPUTY'S DETERMINATION: The claimant was discharged for just cause and is disqualified from benefits.

STATUTORY PROVISION INVOLVED: Title 19, Delaware Code, Section 3314(2).

APPEAL DOCKET NO.: 438212

## SUMMARY OF EVIDENCE

The claimant was employed by Dover Downs from August 28, 2000 until May 5, 2006 when she was discharged. She last performed services for the employer on May 4, 2006. At the time of the claimant's separation, she was a full-time security officer, earning $10.20 an hour.

Nicole Romano, employee relations manager, testified that the claimant was discharged on Thursday May 5, 2006 for violating the security department time and attendance procedures. The employer practices progressive discipline. On March 29, 2006 the claimant reached four occurrences by leaving early and was given a verbal warning in accordance with the employer's policy. She had called out on August 24, 2005, September 26, 2005, and March 7, 2006.

On April 18, 2006 the claimant received a final written warning and a three-day suspension for calling out and being considered a no call/no show. On April 4, 2006 she called out 35 minutes late. She was in the emergency room. She was supposed to call back, but did not do so until April 5, 2006 at 6:18 p.m., two hours and 18 minutes after the start of her shift. She was given a final written warning due to being considered a no call/no show, not because she had reached her fifth occurrence. Reaching her sixth occurrence would, by itself, have resulted only in a written warning.

On May 3, 2006 the claimant was given a final written warning for having called out on April 29, 2006. The next step could have been termination, but she was given another final written warning because she had reached six occurrences. Reaching seven occurrences means termination.

The claimant was terminated on May 5, 2006 for leaving her shift early. This meant she had seven occurrences. Romano stated that the documentation indicates that she left early due to illness.

Romano testified that on March 12, 2006 the claimant signed a sheet stating that she had read the time and attendance policy for the security department. The policy indicates that a person receives an occurrence if she is absent with no sick time and no doctor's note or if the person leave early due to illness. The claimant testified that she signed the sheet, but there was no policy attached.

Romano stated that even if a manager says it is all right for a person to leave, she gets an occurrence. A manager can give an early out if things are slow, but if the employee comes to the manager and asks to leave, the employee will get an occurrence. It is not appropriate for a manager to refuse permission to leave if an employee is ill, but that employee will still get an occurrence.

Mitch Hill, manager of security operations, testified that normally the secretary puts out the list of employees so that they can sign that they read the policy. The policy is usually

attached. Occasionally, it may become unattached, but an employee can get a copy of the policy if the employee asks for it. Also, new memos are posted on the board. Hill could not say why the policy was not attached to the sign sheet.

The claimant testified that on May 3, 2006 she had early lunch and ate in the paddock. She took ill. She got to the floor and had sharp pains, like cramps. She then became nauseated. She went into the bathroom and saw a cleaning person there. She asked the person's help because she was gagging. She had just gotten new teeth and could not get them out because she had used a product like Fixodent. The claimant made her way to Alpha section. There is a phone on the wall and she called Eric, the supervisor. She asked him whether she could get some ginger ale and that it might make her feel better. Eric got the ginger ale and the claimant drank it. Eric said he would call an ambulance, but the claimant told him she was feeling okay; she just needed a couple of minutes. Eric told her to come to the office; he would call the rescue squad. The claimant said, "No." The claimant is permitted frequent bathroom visits due to various health concerns.

Eric told the claimant she could not stay on the floor. The claimant said she would like to stay. She asked Eric what she could do. She pointed out that if she were written up it would be the final thing; it would mean termination. Eric told the claimant, "No, I'm the manager." The claimant went to the office and sat down. Eric told her he wanted her to leave and that he gave her permission to leave. The claimant said she was okay, but Eric told her she had to leave. The claimant said she had no way home. Eric told her she could call someone and she did. She told Eric she felt much better. She asked, "Why do I have to leave?" Eric said she had to. The claimant again pointed out that she would be written up. Eric said, "No, it's okay." Then the lady called who was going to pick up the claimant and the claimant went upstairs to get her purse.

The claimant stated that her protests about leaving were witnessed by several persons.

The claimant was not off the floor that long. It was not the forty minutes that they give them in a section. The claimant is not sure when she went to lunch but thinks it was around 6 p.m. Her shift started at 4 p.m.

The claimant said that when she was terminated, Eric and Romano were there. She did not bring up that Eric gave her permission. He was looking at her as if to say, "Now I've got you." The claimant protested that she asked to speak to Romano alone that day. On cross-examination, the claimant recalled that she and Romano had spoken for an hour one-on-one after the termination. The claimant said she did not think it was proper to tell Romano then about Eric.

Eric did not appear at the hearing.

APPEAL DOCKET NO.: 438212

FINDINGS OF FACT

The claimant was employed by Dover Downs from August 28, 2000 until May 5, 2006 when she was discharged. The employer practices progressive discipline with steps of verbal warning, written warning, final written warning and suspension, and termination. Being absent without sick time or a doctor's note results in an occurrence as does leaving early due to illness. Reaching seven occurrences results in termination.

The claimant was put on a final warning on May 3, 2006 for calling out on April 29, 2006. She had reached six occurrences for violations of the employer's attendance policy.

The claimant has various health problems. On May 3, 2006, after her lunch, she felt ill. She told the supervisor and asked him for some ginger ale. The claimant drank the ginger ale and felt she would be okay in a few minutes. However, the supervisor insisted that the claimant could not work on the floor and needed to leave, perhaps in an ambulance. The claimant protested more than once that she did not want to leave and that she would be written up and terminated. The supervisor assured her that it would be okay. The claimant left and was discharged on May 5, 2006 for reaching seven occurrences.

CONCLUSIONS OF LAW

SECTION 3314(2), TITLE 19, DELAWARE CODE, PROVIDES AS FOLLOWS:

> AN INDIVIDUAL SHALL BE DISQUALIFIED FOR BENEFITS:
>
> For the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

In a discharge case, the employer must show by a preponderance of evidence that the claimant was discharged for just cause in connection with her work. Just cause exists where the claimant commits a willful or wanton act or engages in a willful or wanton pattern of conduct in violation of the employer's interest, her duty to the employer or her expected standard of conduct.

The issue in this case is whether the claimant's early departure on May 3, 2006 was an act of willful or wanton misconduct. Ordinarily for there to be a finding of willful or wanton misconduct, a prior unequivocal warning is required, putting the employee on clear notice that a repetition or continuation of certain behavior may lead to dismissal.

The function of the warning is twofold. First, it provides the employee with the information she needs to conform her conduct to what is required and thereby keep her job. Second, it permits an inference of willful or wanton misconduct if the offending behavior is subsequently repeated. Here, the claimant received a clear final warning and knew that leaving early could result in her dismissal. However, she was assured by her supervisor that she would not be written up and would not be considered to have violated the final warning. The supervisor also insisted that the claimant leave, despite her protestations that she did not want to. For these reasons, the claimant's leaving early on May 3, 2006 cannot be seen as willful or wanton misconduct. Because such misconduct has not been demonstrated, there was no just cause for the claimant's discharge from employment.

## DECISION

The decision of the Claims Deputy is **REVERSED**. The claimant was discharged from her work without just cause in connection with her work. Therefore, the claimant is **NOT DISQUALIFIED** from receiving unemployment insurance benefits pursuant to Section 3314(2), Title 19, Delaware Code and will be eligible to receive benefits for each week of unemployment insurance benefits claimed for which the division determines she meets the eligibility requirements of Section 3315, Title 19, Delaware Code. The division shall issue a determination for any week(s) of unemployment insurance benefits claimed for which the claimant is subsequently deemed ineligible to receive benefits.

/S/

Bettina C. Ferguson
Appeals Referee

BCF

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

Faye D. White           )
                        )
                        )
                        )
                        )  Civil Action No. 07C-06-054(RBY)
                        )
                        )
v.                      )
                        )
Dover Downs             )
                        )
                        )
                        )
                        )
                        )

RECEIVED AND FILED
07 OCT 10 AM 11:46
KENT COUNTY PROTHONOTARY

PRAECIPE

Please issue the following complaint to the defendants Dover Downs
To George Freile - manager of Dover Downs - Hotel - Casino. The address is 1131 North DuPont Highway Dover De 19901

_____
Faye D. White
Name

P.O. Box 1265
Dover De. 19903
1-302-382-5946(c)
Address & Phone No.

07-719-

JS 44 (Rev. 11/04)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Faye D. White

**DEFENDANTS**
Dover Downs   Kent

**(b)** County of Residence of First Listed Plaintiff  Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  ~~Dover Downs~~
(IN U.S. PLAINTIFF CASES ONLY)

P.O. Box 1265 Dover, De. 19903

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 302-382-5946
Pro se

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC § 2000e
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE 11/7/07
SIGNATURE OF ATTORNEY OF RECORD  Faye D. White

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-719

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____|_____ COPIES OF AO FORM 85.

Nov. 7, 2007
(Date forms issued)

Faye D. White
(Signature of Party or their Representative)

Faye D. White
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:   C.A.#   07-719-

CASE CAPTION: _____ v. _____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

    I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received   Nov. 7, 2007    Signed: _Faye D. White_
by Plaintiff:                                       Pro Se Plaintiff

Date Received   11/7/07          Signed: _____
by Clerk's office:                                  Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street                If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801

_____
Date mailed

_____
By Deputy Clerk

cc:   Docketing Clerk

wp\forms\rule4receipt 2-04