## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAYE D. WHITE | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 07-719 |
| v. | : |
| | : |
| DOVER DOWNS, INC., | : |
| | : |
| Defendant. | : |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR, ALTERNATIVELY, MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF, RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS, AND PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Local Rule 41.1 and Fed. R. Civ. P. 37(d), Defendant Dover Downs, Inc.

("Defendant" or "Dover Downs") hereby moves to dismiss Plaintiff Faye D. White's Complaint

with prejudice for failure to take any action to prosecute this case, which she filed nearly eight

months ago. Alternatively, Defendant moves pursuant to Fed. R. Civ. P. 37(a) to compel

Plaintiff Faye D. White to produce responses to Defendant's First Set of Interrogatories Directed

to Plaintiff Faye D. White and First Set of Document Requests Directed to Plaintiff Faye D.

White, as well as to serve Plaintiff's Initial Disclosures. In support of its motion, Dover Downs

avers as follows:

1.     Plaintiff commenced this action by Complaint pursuant to Title VII of the Civil

Rights Act of 1964, as amended, on or around November 16, 2007, which Complaint Defendant

subsequently answered. *See* Exhibit A, attached hereto.

2.     On April 3, 2008, Dover Downs served on Plaintiff its First Set of Interrogatories

Directed to Plaintiff Faye D. White and First Set of Document Requests Directed to Plaintiff

Faye D. White (collectively, the "Discovery Requests"). *See* Exhibit B (Interrogatories) and Exhibit C (Document Requests), attached hereto.

      3.      On April 3, 2008, Dover Downs served on Plaintiff Defendant's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a).

      4.      Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff's responses to the Discovery Requests were due May 5, 2008.

      5.      On May 14, 2008, Dover Downs served on Plaintiff a Notice of Deposition of Plaintiff Faye D. White, scheduling Plaintiff's deposition for Wednesday, June 18, 2008 at 10:00 a.m. (the "Notice"). *See* Exhibit D, attached hereto.

      6.      Also on May 14, 2008, Dover Downs wrote a letter to Plaintiff inquiring as to the status of her responses to the Discovery Requests, as well as the status of her Initial Disclosures. The letter further requested that Plaintiff contact counsel for Dover Downs to confirm her receipt of the Notice and to provide an update as to her responses to the Discovery Requests and the service of her Initial Disclosures. *See* Exhibit E, attached hereto.

      7.      On May 27, 2008, counsel for Dover Downs received a telephone call from an attorney representing Plaintiff in another matter. The attorney assured counsel for Defendant that, although she was not representing Plaintiff in the above-captioned matter, Plaintiff's responses to the Discovery Requests and her Initial Disclosures would be forthcoming. Plaintiff never personally contacted counsel for Dover Downs in response to the May 14, 2008 letter.

      8.      On June 17, 2008, after further assurances from the attorney assisting Plaintiff in this matter concerning Plaintiff's responses to the Discovery Requests, counsel for Dover Downs served on Plaintiff a First Amended Notice of Deposition of Plaintiff Faye D. White, scheduling

Plaintiff's deposition for Wednesday, July 9, 2008 at 10:00 a.m. (the "Amended Notice"). *See* Exhibit F, attached hereto.

9.      Also on June 17, 2008, counsel for Dover Downs wrote a follow-up letter to Plaintiff inquiring as to the status of her responses to the Discovery Requests, as well as the status of her Initial Disclosures. The letter further requested that Plaintiff contact counsel for Dover Downs within ten days of the date of the letter to confirm her receipt of the Amended Notice and to provide an update as to her responses to the Discovery Requests and service of her Initial Disclosures. *See* Exhibit G, attached hereto.

10.     On June 27, 2008, Plaintiff telephoned counsel for Dover Downs, confirming receipt of the Amended Notice, and assuring counsel that her responses to the Discovery Requests would be forthcoming.

11.     Plaintiff has served on Dover Downs no objections or responses to the Discovery Requests.

12.     Plaintiff has requested from Dover Downs no extension of time to serve responses to the Discovery Requests.

13.     Plaintiff failed to appear for her July 9, 2008 deposition and failed to inform counsel – before or after the scheduled time of the deposition – that she did not intend to appear for the deposition.

For these reasons, Dover Downs respectfully requests that the Court dismiss the Complaint with prejudice because Plaintiff has failed to take any action in this matter since she filed the Complaint on November 16, 2007 – nearly eight months ago. Alternatively, Dover Downs requests that the Court compel and order Plaintiff, within five (5) days of the Court's entry of the Order, to (1) contact counsel for Defendant to schedule a deposition at which

-3-

Plaintiff must appear, (2) serve on Defendant responses to Defendant's First Set of

Interrogatories Directed to Plaintiff Faye D. White, (3) serve on Defendant responses to

Defendant's First Set of Document Requests Directed to Plaintiff Faye D. White, and (4) serve

on Defendant Plaintiff's Initial Disclosures.

*/s/ James G. McMillan, III*

R. Montgomery Donaldson (#4367)
*rdonaldson@mmwr.com*
James G. McMillan, III (#3979)

*Of Counsel:*

Edward T. Ellis (Pa. Id. No. 23680)
Carmon M. Harvey (Pa. Id. No. 91444)
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109
Tel:  (215) 772-1500

*jmcmillan@mmwr.com*
Lisa Zwally Brown (#4328)
*lzbrown@mmwr.com*
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
1105 N. Market Street, Suite 1500
Wilmington, DE  19801-1607
Tel:  (302) 504-7800
Fax: (302) 504-7820
*Attorneys for Defendant*
Dover Downs, Inc.

DATED:  July 9, 2008

-4-

2322095v1

# EXHIBIT A

⬥AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

*Faye N. White*

v.

*Dover Downs*

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  *07 - 719*

TO: (Name and address of Defendant)  *Dover Downs*
*c/o George Fiorile (manger of Dover Downs Hotel + Casino*
*1131 North Dupont Highway*
*Dover De. 19901*

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

*Pro se!*   *Faye N. White*
*c/o P.O. Box 1265*
*Dover De. 19903*

an answer to the complaint which is served on you with this summons, within _____ *20* _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

CLERK

(By) DEPUTY CLERK

NOV 1 6 2007

DATE

**RECEIVED**

NOV 2 0 2007

LEGAL DEPT.

AO 85 (Rev. 8/98)  Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

_____
Plaintiff
V.

_____
Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:  — 0 7 — 7 1 9 —

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____          _____
Date                                          United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_Faye D. White_
(Name of Plaintiff or Plaintiffs)

v.

_Dovee Downs_
(Name of Defendant or Defendants)

0 7 - 7 1 9

CIVIL ACTION No. _07C-06-054_

### COMPLAINT UNDER TITLE VII

### OF THE CIVIL RIGHTS ACT OF 1964

1.    This action is brought pursuant to _Title VII of the Civil Rights Act of 1964_, as amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.    Plaintiff resides at _P.O. Box 1265_
(Street Address)
_Dover_ _Kent_ _De._ _19903_
(City)    (County)    (State)    (Zip Code)
_302- 382-5946_
(Area Code) (Phone Number)

3.    Defendant resides at, or its business is located at _1131 North Dupont Highway_
(Street Address)
_Dover_ _De_ _De._ _19901_
(City)    (County)    (State)    (Zip Code)

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's _Dovin Downs_ place of business
(Defendant's Name)
located at _1131 North Dupont Highway_
(Street Address)
_Dover_ _Kent_ _De._ _19901_
(City)    (County)    (State)    (Zip Code)

5.    The alleged discriminatory acts occurred on ___5th___ , ___May___ , ___2006___
                                                    (Day)        (Month)       (Year)

6.    The alleged discriminatory practice  ☒ is   ○ is not  continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware,

___EEOC + FEPA___     _____     ___Milford De.___
      (Agency)         (Street Address)        (City)

_____ , regarding
   (County)           (State)              (Zip Code)

defendant's alleged discriminatory conduct on ___June___ , ___21st___ , ___2006___
                                                (Day)        (Month)       (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity Commission of the United States

regarding defendant's alleged discriminatory conduct on: ___7___ , ___11___ , ___2007___
                                                          (Day)     (Month)     (Year)

9.    The Equal Employment Opportunity Commission issued the attached <u>Notice-of-Right-to-Sue</u> letter

which was received by plaintiff on: ___August___ , ___8th___ , ___2007___ .
                                      (Day)         (Month)      (Year)

## _(NOTE:   ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)_

10.    The alleged discriminatory acts, in this suit, concern:

    A.    ○ Failure to employ plaintiff.

    B.    ☒ Termination of plaintiff's employment.

    C.    ○ Failure to promote plaintiff.

    D.    ○ Other acts (please specify below)

_____

_See attached papers_

_____

_____

_____

_____

_____

11.    Defendant's conduct is discriminatory with respect to the following:

    A.    ○    Plaintiff's race

    B.    ○    Plaintiff's color

    C.    ☒    Plaintiff's sex

    D.    ○    Plaintiff's religion

    E.    ○    Plaintiff's national origin

12.    A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.    Yes .

13.    If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.    Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE,* **Plaintiff prays as follows: (Check appropriate letter(s))**

    A.    ○    That all fees, cost or security attendant to this litigation be hereby waived.

    B.    ○    That the Court appoint legal counsel.

    C.    ☒    That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    11 | 7 | 07

_Faye D. White_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Faye D. White<br>P.O. Box 1265<br>Dover, DE 19903 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|

|  | ☐ On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 17C-2006-01070 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Marie M. Tomasso_                                      **August 8, 2007**

Enclosure(s)                              Marie M. Tomasso,                    (Date Mailed)
                                          District Director

cc: DOVER DOWNS
    PO BOX 843
    DOVER, DE 19903

# DOVER DOWNS®
### HOTEL & CASINO

May 5, 2006

To Whom It May Concern:

Faye D. White was a full-time employee of Dover Downs, Inc. Her dates of employment were from 8/28/00 to 5/5/06. She was employed as a Security Officer. Her rate of pay was $10.20 per hour.

Sincerely,

Susan M. Muncey
HR Representative

/sm

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA <br> [X] EEOC | 17C-2006-01070 |

| Delaware Department of Labor | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) <br> **Ms. Faye D. White** | Home Phone (Incl. Area Code) <br> **(302) 382-5946** | Date of Birth <br> -1942 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| ~~P.O. Box 1265, Dover, DE 19903~~ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name <br> **DOVER DOWNS** | No. Employees, Members <br> **15 - 100** | Phone No. (Include Area Code) <br> **(302) 674-4600** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **Po Box 843, Dover, DE 19903** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| RACE | COLOR | [X] SEX | RELIGION | NATIONAL ORIGIN |
|---|---|---|---|---|
| RETALIATION | AGE | [X] DISABILITY | OTHER (Specify below.) | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-11-2005**    Latest **05-04-2006**

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Jurisdiction: Charging Party was employed at Respondent's Dover, DE location from 08/28/2000-04/30/2006.
**Charging Party's protected class:** Sex (female), Disability.
**Adverse employment action:** Harassment (Hostile Work Environment), Terms and Conditions, Discharge.
**Brief statement of allegations:** Charging Party was discriminated against based on her sex (female) and disability when Respondent subjected her to a hostile work environment, changed the terms and conditions of her employment, and then discharged her. Charging Party states Manager Charles Mosley (male) began subjecting her to numerous incidents of harassment upon discovering details of her employment file. Mr. Mosley began subjecting Charging Party to verbal harassment concerning her sex and her disability. Due to her disability, Charging Party was required to wear her metal security badge on her waist as an alternative dress appearance to her uniform. On numerous occasions, Mr. Mosley commented to Charging Party that she must view herself as "Some sort of detective," because she was the only security officer permitted to wear her badge on her waist. When Charging Party requested to utilize the facility restrooms due to her disability, Mr. Mosley would frequently complain to Charging Party concerning this. On numerous occasions, Mr. Mosley stated to Charging Party that, "All you women have to go to the bathroom all of the time." Mr. Mosley would also frequently complain over Respondent's security radio frequency in response to Charging Party's requests, disclosing Charging Party's disability to all the security employees. When Charging Party notified Manager Eric Sasse (male) that she didn't feel good but that she was still able to perform the essential functions of her duties, Mr. Sasse relieved her of her duties and then issued her a written reprimand. Charging Party was then discharged as a pretext to mask discrimination based upon her sex and disability.
**Respondent's explanation:** Human Resources Representative Nicole Romano discharged Charging Party due to "occurrences."
**Applicable law(s):** Title VII of the Civil Rights Act of 1964, as amended; the State of Delaware's Discrimination in Employment Act, as amended.
**Comparator(s) or other specific reason(s) for alleging discrimination:** Charging Party 's employee file details and medical information was disclosed by management personnel to Charging Party's coworkers and other managers. Upon Mr. Mosley's discovery of this information in Charging Party's file, Mr. Mosley disclosed to Charging Party that he was aware of the information in her employee file. Mr. Mosley then began subjecting Charging Party to the aforementioned actions until she was discharged from her duties. Mr. Mosley's numerous derogatory comments and responsive actions indicated a predisposition to discriminate based upon Charging Party's sex and disability. Additionally, Charging Party states that in 2004, the specifics of her disability were disclosed to all coworkers when a new employee, Security Officer Dawn (Unknown Last Name), stated to coworkers over the security department's radio frequency that Charging Party was unable to perform a specific duty in the facility "Hard Count Room" because it would affect her disability. Charging Party states that in that statement, Dawn disclosed specific information concerning Charging Party's disability that was in her medical records.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **Jun 21, 2006** <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



# Commonwealth of Pennsylvania

## Governor's Office

### To all to whom these Presents shall come, Greeting:

Whereas, At a Court of _____ Common Pleas _____
in and for the County of ___ Philadelphia ___ held at ___ Philadelphia ___ in
said County at ___ No. 75-03-1624, -- ___
Sessions, A. D. one thousand nine hundred and ___ seventy-five ___
a certain ___ FAYE D. WHITE ___ was convicted upon ___ a ___ certain
Indictment ___ charging ___ her ___ with the crime ___ of ___ Voluntary Manslaughter ___

and was by the said Court on the ___ 25th ___ day of ___ September ___ A.D. one
thousand ___ nine ___ hundred and ___ seventy-five ___
thereupon sentenced ___ her ___ to pay a fine of ___ -- ___ to the
Commonwealth, the costs of prosecution and ___ Seven Years Non-reporting Probation. ___

And Whereas, The Board of Pardons, after full hearing, upon due public no-
tice, and in open session, have recommended to me, in writing, with the reasons
therefor, at length, the pardon of the said ___ FAYE D. WHITE ___ .
which recommendation and reasons have been filed in the office of the Lieutenant
Governor.

Therefore, Know Ye, That in consideration of the premises and by virtue of
the authority vested in me by the Constitution, I have pardoned the said _____
_____ FAYE D. WHITE _____
of the crime whereof ___ she ___ was convicted as aforesaid, and ___ she ___
is hereby thereof fully pardoned accordingly. Subsequent to the date I affix my
signature below, conviction for a new summary, misdemeanor, or felony offense may,
upon a hearing by the Board of Pardons, render my granting of this clemency null
and void.

Given under my hand and the Great Seal of the
State, at the City of Harrisburg, this ___ twenty-eighth ___
day of ___ January ___ in the year of our Lord one
thousand nine hundred and ___ ninety-three ___

By the Governor: *Robert P. Casey*

                                 *Governor of Pennsylvania*

*Vincent G. Guest*
DEPUTY *Secretary of the Commonwealth*

3-22-93
784 38

9300- 2887

COMMONWEALTH OF PENNSYLVANIA      :      IN THE COURT OF COMMON PLEAS
                                                CRIMINAL TRIAL DIVISION

                    VS.                  :      CP75-03-1624  RECEIVED

FAYE D. WHITE                            :      PP# 500201
6037 WEST THOMPSON STREET                                       FEB 1 8 1993
PHILADELPHIA, PA. 19151
                                                        Criminal ........ Court
                                                        First Judicial ........ of PA

                              ORDER

     AND   NOW,   this   18th   day   of   February   , 1993,

upon  consideration  of  the  within  petition  and  upon  motion  of

FAYE  D.  WHITE,  Petitioner,  it  is  ORDERED  AND  DECREED  that  Richard

Neal,  Commissioner  of  Philadelphia  Police  and  Glenn  Walp,  Com-

missioner  of  Pennsylvania  State  Police  destroy  or  deliver  to

the  Petitioner  or  her  representative,  all  criminal  records,

fingerprints,  photographic  plates  and  photographs  pertaining

to  the  arrest  (s)  of  March  1,  1975,  and  that  the  Commissioner

request  that  the  Federal  Bureau  of  Investigation  return  all

records  pertaining  to  the  same  arrest  (s)  for  destruction  by

the  Pennsylvania  State  Police,  and  that  William  Fisher,  Deputy

Court  Administator,  Date  Processing  Unit,  have  the  same  removed

from  computer  indexes  maintained  by  this  Court.

                              BY THE COURT:

I HEREBY CERTIFY the foregoing to be
a true and correct copy of the origin !
                              as filed of record
in this office  Cynthia A. Gordon

                    PRO CLERK
              QUARTER SESSIONS COURT

PAGE 26    May 21, 1991    **DAILY**    Opin

**TUESDAY**

# *Battered widow won't give up her fight for pardon*

*"Yet because this widow troubled me, I will avenge her, lest by her continual coming she weary me . . ."*
— Luke 18:5



Faye White believes the Pennsylvania Board of Pardons will get weary before she does. Like the widow in her favorite Bible passage, she figures to wear them down by her continual coming.

Bet on it.

She's one of these people who thinks the bottom is just something to bounce off. The board has twice denied her petitions for a pardon from a 1975 voluntary manslaughter conviction.

But she figures they can say "no" only so many times. They know she has rewoven the frayed fabric of five tattered lives, single-handedly protecting her four oldest children from the worst con-



White . . . 'helps others'



**ELMER SMITH**

sequences of the sudden act that killed their father and made their mother a criminal in the eyes of the law.

Even retired state Supreme Court Justice Juanita Kidd Stout, who was a Common Pleas Court judge when she sentenced White to seven years probation, "strongly" recommended her pardon in letters to the board calling White "law-abiding, conscientious and trustworthy.

"And I will support her every time she comes up," Justice Stout said yesterday. "I'm for Faye White 100 percent all the way."

So far, supportive letters from Stout and dozens of religious and community leaders have not been enough.

Nor has the board been sufficiently swayed by White's years of community service in projects for battered women; her 15 years as Democratic committeewoman for the 34th ward, 6th division; as Democratic state committee person in the 7th state senatorial district.

She's been close. In 1989, she won the board's recommendation only to have it reversed when a member who

voted for her had to withdraw his vote because he had served as her lawyer years earlier.

There's no guarantee she will persuade the two people who have voted against her petition or that the governor would then grant it.

Believing things will get better keeps her coming back. But it's also an element in her tragedy. If she hadn't believed her husband would change, she may have run for her life and saved his.

"She had taken so much abuse for years and years," Justice Stout recalled.

"I could not find her not guilty under the law and it wasn't a self defense case.

" But there had been such a sad history of abuse."

Says White: "I understand battered women. People say why don't they just leave? But where do you go when you have four [ages 8-14 at the time] children.

"I don't know how a lot of women feel, but I always had hoped that things would change. I never gave up hope.

"For years, I lived in police stations and hospitals. I thought he would kill me that day. Those police reports and hospital reports probably saved me out of jail.

"But I knew it wasn't all his fault. He spent his life trying to find a father he never knew. That hurt him so he struck out at me."

She has suffered two heart attacks, been through another failed marriage and has seen her business fail for lack of financing.

She thinks that if she didn't have a criminal record, she might find a good job to provide for herself and her 11-year-old daughter.

"Maybe I could find something helping battered women. I really believe I could help them."

I'd bet on it.

*Elmer Smith is associate editor of the Daily News Opinion Pages. His column appears every Tuesday and Thursday.*



*Supreme Court of Pennsylvania*

*Juanita Kidd Stout*
*Justice*
(Retired)                                    June 24, 1993

Dear Faye,

Thank you more than words adequately can express
for the beautiful and unique gift of the leather-
bound Bible and for your heartwarming letter.  I
am most appreciative for both of them and apolo-
gize for the delay in writing.  Your gift and
letter arrived as I was leaving for Oklahoma.

Despite my sincere gratitude for all of the kind
things you said about me, in my opinion you are
giving me much too much credit.  Your success is
as a result of your steadfast belief in God, which
I share; your good character, your hard work, your
kind heart, and your determination to overcome a
sad situation which was not your fault in the first
place.  Keep on keeping on.  You have not reached
the limit of your potential yet.

I am glad you are my friend.  I shall be yours
always.

                              Most sincerely,

                              *Juanita*

On 01/11/06 approximately 1720 hours, I got on the radio and stated "Faye off the floor for a personal." I used the restroom and noticed the toilet leaking and then left the bathroom and approached the Delmarva cleaning lady to tell her about the water on the floor. At this point I was still in my area between the BCT. The next thing is I heard Charles Mosley come over the radio and state "Faye what is your location". I got back on the radio and stated "BCT" and I'm in my area" and Charles M. stated "No your never in your area and stated "Your Location" and I (Faye) stated "BCT". Then I noticed Charles head over the slot machines and then I said on the radio "Charles I'm looking right at you". He then approached me in a hostile manner and I explained to him about toilet in the restroom. Charles then started talking off the wall and I stated "excuse me" and started walking away. He was using a tone of voice that I thought was inappropriate in an area where the customers are. So, I continued walking heading towards the podium. At this time I am still in my section and now going to my next section which was "DEF". Charles is now still behind me and beginning to yell and scream stating "you are never in your section, you don't do this, you don't do that." I then turned around and said Charles you're not going to harass me tonight, your not going to do this tonight to me. Charles then walked past me and turned around and stood in front of me. I said excuse me and walked around him. He was waving his hands saying "you come in here, come here". I stated I am not coming in there by myself, you can get someone to come in there with me and he said no. I felt fearful and afraid. His body language and actions at that particular time, I wasn't going near him. So I was standing at the podium and I said talk to me out here. Charles then stated you are insubordinate to me and I am going to HR and Faye you're leaving. Charles shut the door and started walking from the podium going down towards the lottery and I went towards the terrace. I didn't want to walk behind because I didn't want to be confronted by him. I then proceeded to Mitch's office, door was closed, and then went to Lee Ford's and that door was closed. Then a surveillance technician came out the door with dinner in his hands and I started to begin to tell him what happened because I was scared of Charles Mosley. I then went back on the floor towards my section and I saw Charles. Charles called me on the radio and said "Faye come to the office" and I said "Faye on the way". I approached the office and he said come in here and I said no, you can talk to me out here. I went to the door and I don't remember what happened from there. I do know that on the desk my ID and papers where on the desk and I asked Charles for my pace maker card and ID to carry a weapon. Charles said now you need to leave off the floor. And I said what am I suspended and he said yes you are suspended. I asked him, do you want me to sign out and he said I don't care what you do. I then came to HR. HR called Mitch and I spoke to Mitch. Mitch then explained to me what type of suspension I was on.

Faye White

## DEPARTMENT OF
# LABOR

DIVISION OF UNEMPLOYMENT INSURANCE
APPEALS
4425 N. MARKET STREET
P. O. BOX 9950
WILMINGTON, DE 19809

## REFEREE'S DECISION

CLAIMANT

Faye D. White
C/O A Second Chance
P O Box 1265
Dover, DE 19903-1265

EMPLOYER

Dover Downs
C/O TALX UC Express
P O Box 283
St. Louis, MO 63166-0283

APPEAL DOCKET NUMBER: 438212

SOCIAL SECURITY NO.          0886

DATE OF CLAIM: 05-07-2006

DATE OF APPEAL: 06-12-2006

DATE OF HEARING: 07-11-2006

PLACE OF HEARING: Dover

DATE DECISION MAILED: 07-12-2006

LAST DAY TO FILE AN APPEAL: 07-22-2006

### RIGHT OF FURTHER APPEALS

Section 3318, Title 19, Delaware Code, provides that any interested party involved, the claimant, the employer, or the Claims Deputy has a right of appeal from the decision of the Referee to the Unemployment Insurance Appeal Board, and further provides that the opinion of the Referee "shall be deemed to be the final decision of the Department of Labor unless within 10 days after the date of notification or mailing of such decision further appeal is initiated ..." You are, therefore, hereby notified that if an appeal is not made within the ten-day period specified by law, all further right to appeal is lost and the case cannot be reopened. The appeal may be made at the local office or directed to Department of Labor, Division of Unemployment Insurance, 4425 N. Market Street, P.O. Box 9950, Wilmington, DE 19809.

APPEARANCES: Bettina C. Ferguson, Appeals Referee; Faye D. White, Claimant; Nicole Romano and Mitch Hill, Employer's Witnesses.

CLAIMS DEPUTY'S DETERMINATION: The claimant was discharged for just cause and is disqualified from benefits.

STATUTORY PROVISION INVOLVED: Title 19, Delaware Code, Section 3314(2).

APPEAL DOCKET NO.: 438212

## SUMMARY OF EVIDENCE

The claimant was employed by Dover Downs from August 28, 2000 until May 5, 2006 when she was discharged. She last performed services for the employer on May 4, 2006. At the time of the claimant's separation, she was a full-time security officer, earning $10.20 an hour.

Nicole Romano, employee relations manager, testified that the claimant was discharged on Thursday May 5, 2006 for violating the security department time and attendance procedures. The employer practices progressive discipline. On March 29, 2006 the claimant reached four occurrences by leaving early and was given a verbal warning in accordance with the employer's policy. She had called out on August 24, 2005, September 26, 2005, and March 7, 2006.

On April 18, 2006 the claimant received a final written warning and a three-day suspension for calling out and being considered a no call/no show. On April 4, 2006 she called out 35 minutes late. She was in the emergency room. She was supposed to call back, but did not do so until April 5, 2006 at 6:18 p.m., two hours and 18 minutes after the start of her shift. She was given a final written warning due to being considered a no call/no show, not because she had reached her fifth occurrence. Reaching her sixth occurrence would, by itself, have resulted only in a written warning.

On May 3, 2006 the claimant was given a final written warning for having called out on April 29, 2006. The next step could have been termination, but she was given another final written warning because she had reached six occurrences. Reaching seven occurrences means termination.

The claimant was terminated on May 5, 2006 for leaving her shift early. This meant she had seven occurrences. Romano stated that the documentation indicates that she left early due to illness.

Romano testified that on March 12, 2006 the claimant signed a sheet stating that she had read the time and attendance policy for the security department. The policy indicates that a person receives an occurrence if she is absent with no sick time and no doctor's note or if the person leave early due to illness. The claimant testified that she signed the sheet, but there was no policy attached.

Romano stated that even if a manager says it is all right for a person to leave, she gets an occurrence. A manager can give an early out if things are slow, but if the employee comes to the manager and asks to leave, the employee will get an occurrence. It is not appropriate for a manager to refuse permission to leave if an employee is ill, but that employee will still get an occurrence.

Mitch Hill, manager of security operations, testified that normally the secretary puts out the list of employees so that they can sign that they read the policy. The policy is usually

APPEAL DOCKET NO.: 438212

attached. Occasionally, it may become unattached, but an employee can get a copy of the policy if the employee asks for it. Also, new memos are posted on the board. Hill could not say why the policy was not attached to the sign sheet.

The claimant testified that on May 3, 2006 she had early lunch and ate in the paddock. She took ill. She got to the floor and had sharp pains, like cramps. She then became nauseated. She went into the bathroom and saw a cleaning person there. She asked the person's help because she was gagging. She had just gotten new teeth and could not get them out because she had used a product like Fixodent. The claimant made her way to Alpha section. There is a phone on the wall and she called Eric, the supervisor. She asked him whether she could get some ginger ale and that it might make her feel better. Eric got the ginger ale and the claimant drank it. Eric said he would call an ambulance, but the claimant told him she was feeling okay; she just needed a couple of minutes. Eric told her to come to the office; he would call the rescue squad. The claimant said, "No." The claimant is permitted frequent bathroom visits due to various health concerns.

Eric told the claimant she could not stay on the floor. The claimant said she would like to stay. She asked Eric what she could do. She pointed out that if she were written up it would be the final thing; it would mean termination. Eric told the claimant, "No, I'm the manager." The claimant went to the office and sat down. Eric told her he wanted her to leave and that he gave her permission to leave. The claimant said she was okay, but Eric told her she had to leave. The claimant said she had no way home. Eric told her she could call someone and she did. She told Eric she felt much better. She asked, "Why do I have to leave?" Eric said she had to. The claimant again pointed out that she would be written up. Eric said, "No, it's okay." Then the lady called who was going to pick up the claimant and the claimant went upstairs to get her purse.

The claimant stated that her protests about leaving were witnessed by several persons.

The claimant was not off the floor that long. It was not the forty minutes that they give them in a section. The claimant is not sure when she went to lunch but thinks it was around 6 p.m. Her shift started at 4 p.m.

The claimant said that when she was terminated, Eric and Romano were there. She did not bring up that Eric gave her permission. He was looking at her as if to say, "Now I've got you." The claimant protested that she asked to speak to Romano alone that day. On cross-examination, the claimant recalled that she and Romano had spoken for an hour one-on-one after the termination. The claimant said she did not think it was proper to tell Romano then about Eric.

Eric did not appear at the hearing.

APPEAL DOCKET NO.: 438212

## FINDINGS OF FACT

The claimant was employed by Dover Downs from August 28, 2000 until May 5, 2006 when she was discharged. The employer practices progressive discipline with steps of verbal warning, written warning, final written warning and suspension, and termination. Being absent without sick time or a doctor's note results in an occurrence as does leaving early due to illness. Reaching seven occurrences results in termination.

The claimant was put on a final warning on May 3, 2006 for calling out on April 29, 2006. She had reached six occurrences for violations of the employer's attendance policy.

The claimant has various health problems. On May 3, 2006, after her lunch, she felt ill. She told the supervisor and asked him for some ginger ale. The claimant drank the ginger ale and felt she would be okay in a few minutes. However, the supervisor insisted that the claimant could not work on the floor and needed to leave, perhaps in an ambulance. The claimant protested more than once that she did not want to leave and that she would be written up and terminated. The supervisor assured her that it would be okay. The claimant left and was discharged on May 5, 2006 for reaching seven occurrences.

## CONCLUSIONS OF LAW

### SECTION 3314(2), TITLE 19, DELAWARE CODE, PROVIDES AS FOLLOWS:

#### AN INDIVIDUAL SHALL BE DISQUALIFIED FOR BENEFITS:

For the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

In a discharge case, the employer must show by a preponderance of evidence that the claimant was discharged for just cause in connection with her work. Just cause exists where the claimant commits a willful or wanton act or engages in a willful or wanton pattern of conduct in violation of the employer's interest, her duty to the employer or her expected standard of conduct.

The issue in this case is whether the claimant's early departure on May 3, 2006 was an act of willful or wanton misconduct. Ordinarily for there to be a finding of willful or wanton misconduct, a prior unequivocal warning is required, putting the employee on clear notice that a repetition or continuation of certain behavior may lead to dismissal.

Case 1:07-cv-0071ᵾ-SLR    Document 1-2    Filed 11/07/2007    Page 13 of 14

APPEAL DOCKET NO.: 438212

The function of the warning is twofold. First, it provides the employee with the information she needs to conform her conduct to what is required and thereby keep her job. Second, it permits an inference of willful or wanton misconduct if the offending behavior is subsequently repeated. Here, the claimant received a clear final warning and knew that leaving early could result in her dismissal. However, she was assured by her supervisor that she would not be written up and would not be considered to have violated the final warning. The supervisor also insisted that the claimant leave, despite her protestations that she did not want to. For these reasons, the claimant's leaving early on May 3, 2006 cannot be seen as willful or wanton misconduct. Because such misconduct has not been demonstrated, there was no just cause for the claimant's discharge from employment.

## DECISION

The decision of the Claims Deputy is **REVERSED**. The claimant was discharged from her work without just cause in connection with her work. Therefore, the claimant is **NOT DISQUALIFIED** from receiving unemployment insurance benefits pursuant to Section 3314(2), Title 19, Delaware Code and will be eligible to receive benefits for each week of unemployment insurance benefits claimed for which the division determines she meets the eligibility requirements of Section 3315, Title 19, Delaware Code. The division shall issue a determination for any week(s) of unemployment insurance benefits claimed for which the claimant is subsequently deemed ineligible to receive benefits.

/S/

Bettina C. Ferguson
Appeals Referee

BCF

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR KENT COUNTY**

Faye D. White

)
)
)
)
)       Civil Action No. 07C-06-054(RBY)
)
)
v.                     )
)
Dover Downs            )
)
)
)
)
)

07 OCT 10 AM11:46
KENT COUNTY
PROTHONOTARY
RECEIVED
AND
FILED

**PRAECIPE**

Please issue the following complaint to the defendants _Dover Downs_
To: _George Freile_ manager of Dover Downs Hotel Casino The address is _1131 North Dupont Highway_
_Dover De 19901_

Faye D. White
                                    **Name**
P.O. Box 1265
Dover De 19903
1-302-382-5946(c)
                      **Address & Phone   No.**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FAYE D. WHITE,                          :
                                        :
            Plaintiff,                  :
                                        :
      v.                                :        Civil Action No.: 07-719-SLR
                                        :
DOVER DOWNS, INC.                       :
                                        :
            Defendant.                  :

## FIRST SET OF INTERROGATORIES DIRECTED TO
## PLAINTIFF FAYE D. WHITE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Dover Downs,

Inc. ("Dover Downs") requests that Plaintiff Faye D. White ("Plaintiff" or "you") answer the

following interrogatories within thirty (30) days of service hereof and in accordance with the

instructions set forth below.

## INSTRUCTIONS

1.      Pursuant to Federal Rule of Civil Procedure 26(e), these interrogatories are

deemed to be continuing so as to require supplemental answers in the event Plaintiff or her

representatives (including counsel) learn additional facts not set forth in her answers or discover

that information given in her answers is erroneous.

2.      Each interrogatory is to be answered separately and as completely as possible.

The fact that investigation is continuing or that discovery is incomplete shall not be used as an

excuse for failure to answer as fully as possible.  The omission of any name, fact or other

information from the answers shall be deemed a representation that such name, fact or item was

not known to Plaintiff, her counsel, or other representatives at the time of service of the answers.

## INTERROGATORIES

1.      Identify each person you believe has knowledge or information of any facts relating to the allegations in your Complaint by providing the name, address, and home and business telephone numbers of each such person, and a detailed description of the knowledge or information believed to be possessed by each person.

2.      Identify all persons you expect to have testify as witnesses in this matter and summarize the facts to which you expect each individual will testify.

3.      Identify all documents relevant to the contentions in your Complaint.

4.      Identify all doctors, including physicians, specialists, physical therapists, psychologists, psychiatrists, counselors or other therapists who have treated you or with whom you have consulted since August 28, 2000, including the dates of treatment and the reasons for the consultation or treatment.  List each practitioner's address and telephone number.

5.      What injuries or damages do you claim in this action?  Specify the basis for each item of damages and provide a calculation for each amount of monetary damages.

6.      Describe in detail your efforts to secure other employment either during or after your employment with Dover Downs, including but not limited to the name and address of employers with whom you had interviews and/or submitted inquiries or employment applications and dates thereof, and a description of the position which you sought and its corresponding compensation.

7.      Do you contend that you were discriminated against as a result of a disability?  If so, describe in detail your alleged "disability," including the name of your disability, when you were diagnosed with the disability, and the ways in which your disability impacted your ability to work at Dover Downs.

2287753v1

8.     Did you discuss your "disability" with any employee of Dover Downs between August 28, 2000, and the present?  If so, identify the employees of Dover Downs with whom you had such a discussion and state when the discussion occurred.

9.     Describe in detail all employment and other income-producing activities that you have engaged in since January 1, 2003, including but not limited to identifying the employer's or payor's name.

10.     Describe in detail any other lawsuit or administrative agency actions in which you were or are a party including but not limited to:  (a) the name of the action and its court or agency number; (b) the court or agency in which the action was filed; (c) the nature of the action; (d) the date the action was filed; (e) whether you were a plaintiff, complainant, defendant, respondent or other third party in the action; (f) the present status of the case; (g) the resolution of the action if applicable; (h) whether you gave any testimony at, for example, a fact-finding, hearing, trial, or deposition; and (i) the final disposition of the action, including any monetary and/or non-monetary award made against or in favor of you.

11.    Identify each expert witness that you intend to use at the time of trial and for each such expert, attach a description of his/her credentials and report.

*Of Counsel:*

Edward T. Ellis (Pa. Id. No. 23680)
Carmon M. Harvey (Pa. Id. No. 91444)
MONTGOMERY, MCCRACKEN,
   WALKER & RHOADS, LLP
Philadelphia, PA  19109
Tel:  (215) 772-1500

R. Montgomery Donaldson (#4367)
*rdonaldson@mmwr.com*
Lisa Zwally Brown (#4328)
*lzbrown@mmwr.com*
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
1105 N. Market Street, Suite 1500
Wilmington, DE  19801-1607
Tel:  (302) 504-7800
Fax:  (302) 504-7820
*Attorneys for Defendant*
Dover Downs, Inc.

DATED:  April 3, 2008

2287753v1

## CERTIFICATE OF SERVICE

I, Lisa Zwally Brown, hereby certify that, on the 3rd day of April, 2008, I served a true and correct copy of the foregoing Defendant's First Set of Interrogatories Directed to Plaintiff Faye D. White by U.S. First Class Mail, postage prepaid, upon the Plaintiff at the following address:

Faye D. White
P.O. Box 1265
Dover, DE  19903

/s/ Lisa Zwally Brown
Lisa Zwally Brown (#4328)
lzbrown@mmwr.com

2287753v1

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FAYE D. WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.:  07-719-SLR |
| | : | |
| DOVER DOWNS, INC. | : | |
| | : | |
| Defendant. | : | |

## FIRST SET OF DOCUMENT REQUESTS DIRECTED TO
## PLAINTIFF FAYE D. WHITE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Dover Downs,

Inc. ("Dover Downs" or "Defendant") requests that Plaintiff Faye D. White ("Plaintiff" or

"you") respond to the following document requests and provide the following documents within

thirty (30) days of service hereof and in accordance with the instructions set forth below.

## INSTRUCTIONS

1.      If you maintain that any document or record was, but is no longer, in existence, in

your possession, or subject to your control, state whether it:

        (a)      is missing or lost;

        (b)      has been destroyed;

        (c)      has been transferred, voluntarily or involuntarily, to others; or

        (d)      has otherwise been disposed of.

In each instance, set forth the contents of the document and the location of any copies of the

document, and describe the circumstances surrounding its disposition, stating the date of its

disposition, any authorization therefor, the person or persons responsible for such disposition,

and the policy, rule, order, or other authority by which such disposition was made.

2.    Pursuant to Federal Rule of Civil Procedure 26(e), these Document Requests are continuing so as to require supplemental responses in the event you or your representatives or agents (including counsel) learn additional facts or obtain additional documents not identified in your responses or discover that your responses are incomplete. In that case, all such additional documents are to be produced immediately.

3.    To the extent that you contend that the documents sought by these Document Requests are privileged, irrelevant, not required to be produced in discovery, and/or otherwise not the proper subject of a response by you, you must provide as complete an answer as you contend is permissible under the Federal Rules of Civil Procedure.

4.    The terms "document" and "documents" have the same full meaning as in Rule 34(a) of the Federal Rules of Civil Procedure, and include, without limitation, all materials concerning the subject matter of each of the following Document Requests, whether originating with or received by you and whether incorporated or otherwise, and shall be deemed to refer to, *inter alia*, correspondence, records, reports, memoranda, notes, diaries, studies, directives, bulletins, manuals, notebooks, drawings, logs, financial statements, books of accounts, vouchers, cancelled checks, invoices, files, forms, tabulations, electronic mail, computer diskettes, CD-ROMS, any form of magnetic, digital or optical data storage device, and any other writing, regardless of the manner in which produced, whether handwritten, typed, printed, or produced by any other process and photographs, sound or video records, tapes or films.

5.    The term "Defendant's Interrogatories" refers to the First Set of Interrogatories Directed to Plaintiff Faye D. White dated April 3, 2008.

## DOCUMENT REQUESTS

1.    All documents relating to your employment with Dover Downs.

2.    All documents that you contend support the claims alleged in your Complaint.

3.    All documents exchanged between you (including but not limited to your attorneys and other representatives) and any state or federal agency or department concerning Defendant, including but not limited to claims for unemployment compensation, workers' compensation, and discrimination since August 28, 2000.

4.    To the extent not produced in response to the requests above, all documents in your possession, custody, or control relating to Defendant, including but not limited to documents relating to former or current employees of Dover Downs, documents relating to your job responsibilities while employed by Dover Downs, documents relating to your job performance while employed by Dover Downs, and any diary, log, or notes kept by you.

5.    To the extent not produced in response to the requests above, all documents relating to your job transfers and/or changes in job assignments, responsibilities, or duties while employed with Dover Downs.

6.    All documents relating to your claims of harassment and discrimination based on your sex and disability, including but not limited to any complaints you made to or about other Dover Downs employees.

7.    If you have described physical or psychological injuries in response to Interrogatory No. 5 (which is served separately), then provide all documents relating to your medical or psychological condition(s) and execute a form for release of medical records as to each healthcare or mental health professional identified in response to Interrogatory No. 4 (copy of form attached).

8.    All documents relating to any other damages that you allege result from Dover Downs' alleged conduct.

9.    All documents relating to any employment that you have obtained or applied for during or after your employment with Dover Downs, including but not limited to your resume and all correspondence with prospective employers.

10.    All documents relating to or evidencing income earned by you from January 1, 2003 to the present, including but not limited to pay stubs and IRS Forms 1040, W-2 and 1099.

11.    All documents identified or referred to in your Responses to Defendant's Interrogatories, or referred to or requested to be identified in Defendant's Interrogatories.

12.    The reports of all experts expected to testify in the trial of the above matter and all drafts thereof.

13.    All documents that you intend to use as exhibits at the trial of this case.

<br>

*Of Counsel:*

Edward T. Ellis (Pa. Id. No. 23680)
Carmon M. Harvey (Pa. Id. No. 91444)
MONTGOMERY, MCCRACKEN,
  WALKER & RHOADS, LLP
Philadelphia, PA  19109
Tel:  (215) 772-1500

R. Montgomery Donaldson (#4367)
*rdonaldson@mmwr.com*
Lisa Zwally Brown (#4328)
*lzbrown@mmwr.com*
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
1105 N. Market Street, Suite 1500
Wilmington, DE  19801-1607
Tel:  (302) 504-7800
Fax:  (302) 504-7820
*Attorneys for Defendant*
Dover Downs, Inc.

DATED:  April 3, 2008

# PARTICIPANT AUTHORIZATION FORM

Participant Name:  **Faye D. White**                          Birth Date: ▮▮▮▮▮
                                                              MM / DD / YR

Address: **P.O. Box 1265, Dover, DE  11903**

Home Telephone Number:  _____          E-mail:
Work Telephone Number:  _____

Participant Identification Number and/or Social Security Number: ▮▮▮▮▮

By signing this authorization form I authorize the person(s) and/or organization(s) described below to use and/or disclose my health information (information that constitutes protected health information as defined in the Privacy Rule of the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act of 1996) in the manner described below. I understand that I am under no obligation to sign this form. The person(s) and/or organization(s) described below who I am authorizing to use and/or disclose my information may not condition treatment, payment, enrollment in a health plan or eligibility for health care benefits on my decision to sign this authorization, except as follows:

- A health plan may condition enrollment in the health plan or eligibility for benefits on this authorization if I am not yet enrolled in the health plan, the purpose of this authorization is to allow the health plan to obtain the information it needs to make an eligibility, enrollment, underwriting or risk rating determination and psychotherapy notes are not requested. If I refuse to sign this authorization for that purpose, I may be denied enrollment in the health plan or eligibility for health care benefits.

I have signed this form voluntarily to document my wishes regarding the use and/or disclosure of the health information described below in Section 1 of this form.

1.    Description of Health Information I Authorize to be Used or Disclosed. The following is a specific description of the health information I authorize be used and/or disclosed: (Specify and provide a meaningful description.)
**Any and all medical records (including all reports, all handwritten and other notes, the complete billing file and all test results), relating to Faye D. White, DOB 7/21/42, SS#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 and to permit them to examine the originals of all such records, and to photostat and copy the same.**

2.    Persons/Organizations Authorized to Use and/or Disclose My Health Information. I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations), including Health Plan, to use and/or disclose the health information described above in Section 1 of this form:

# PARTICIPANT AUTHORIZATION FORM

3.      Persons/Organizations Authorized to Receive and/or Use My Health Information. I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to receive my health information from the person(s) and/or organization(s) described in Section 2 above and to use or disclose such information for the purposes listed below in Section 4 of this form.  I understand that if the person(s) and/or organization(s) listed below are not health care providers, health plans or health care clearinghouses subject to federal privacy standards, the health information disclosed pursuant to this authorization may no longer be protected by the federal privacy standards and such person(s) and/or organization(s) may redisclose my health information without obtaining my authorization:

**Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, Avenue of the Arts, Philadelphia, PA 19109 (215) 772-1500.**

4.      Description of Each Purpose for the Requested Use and/or Disclosure.

I authorize my health information to be used and/or disclosed for the following specific purposes:

**Litigation in the United States District Court, District of Delaware, titled *White v. Dover Downs, Inc.*, Civil Action No. 07-719-SLR.**

5.      Your Rights with Respect to This Authorization.

5.1     Right to Revoke.  I understand that I have the right to revoke this authorization at any time.  I also understand that my revocation of this authorization must be in writing.  To obtain a copy of an authorization revocation form I may contact **Carmon M. Harvey, Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, Avenue of the Arts, Philadelphia, PA 19109 (215) 772-1500.**  I am aware that my revocation will not be effective as to uses and/or disclosures of my health information that the person(s) and/or organization(s) identified in Sections 2 and 3 of this form have already made in reliance upon this authorization.

5.2     Right to Receive Copy of This Authorization.  I understand that if I agree to sign this authorization, which I am not required to do, I must be provided with a signed copy of it.

6.      Expiration of Authorization.  This authorization will expire (choose and complete one):

☐ On _____ / _____ / _____ .
     MM   /   DD   /   YR

# PARTICIPANT AUTHORIZATION FORM

☒  Upon the occurrence of the following event(s) related to my health care or to the purpose(s) for which I have authorized the use and/or disclosure of my health information described in Section 4 of this form:

**Upon conclusion of the litigation in the United States District Court, District of Delaware, titled *White v. Dover Downs, Inc.*, Civil Action No. 07-719-SLR.**

I, **Faye D. White**, have had an opportunity to review and understand the contents of this form.  By signing this form, I am confirming that it accurately reflects my wishes.

_____     ____/____/_____
    Participant Signature                                                    Date

If signed by a personal representative, complete the following:

Name of personal representative: _____

Relationship to participant or nature of authority (e.g., health care power of attorney, guardian, other statutory authorization): _____

Address: _____
           _____
           _____

Home Telephone Number: _____     E-mail: _____
Work Telephone Number: _____

_____     ____/____/_____
    Signature of Personal Representative                              Date

2287735v1

## CERTIFICATE OF SERVICE

I, Lisa Zwally Brown, hereby certify that, on the 3rd day of April, 2008, I served a true and correct copy of the foregoing Defendant's First Set of Document Requests Directed to Plaintiff Faye D. White by U.S. First Class Mail, postage prepaid, upon the Plaintiff at the following address:

Faye D. White
P.O. Box 1265
Dover, DE  19903

/s/ Lisa Zwally Brown
Lisa Zwally Brown  (#4328)
*lzbrown@mmwr.com*

2287735v1

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FAYE D. WHITE,                          :
                                        :
                Plaintiff,              :
                                        :
        v.                              :        Civil Action No.: 07-719-SLR
                                        :
DOVER DOWNS, INC.                       :
                                        :
                Defendant.              :

## <u>NOTICE OF DEPOSITION OF PLAINTIFF FAYE D. WHITE</u>

TO:     Faye D. White
        P.O. Box 1265
        Dover, DE  19903

        PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil

Procedure, Defendant Dover Downs, Inc., by its attorneys, will take the deposition upon oral

examination of Plaintiff Faye D. White on Wednesday, June 18, 2008 at 10:00 a.m. at the offices

of Montgomery, McCracken, Walker & Rhoads, LLP, 1105 North Market Street, Suite 1500,

Wilmington, DE 19801. The deposition will be taken before a duly-authorized court reporter

qualified to administer oaths for the purposes set forth in the Federal Rules of Civil Procedure.

R. Montgomery Donaldson (#4367)
*rdonaldson@mmwr.com*
Lisa Zwally Brown (#4328)
*lzbrown@mmwr.com*

*Of Counsel:*                          MONTGOMERY, MCCRACKEN,
                                       WALKER & RHOADS, LLP
Edward T. Ellis (Pa. Id. No. 23680)    1105 N. Market Street, Suite 1500
Carmon M. Harvey (Pa. Id. No. 91444)   Wilmington, DE  19801-1607
MONTGOMERY, MCCRACKEN,                 Tel:  (302) 504-7800
 WALKER & RHOADS, LLP                  Fax: (302) 504-7820
Philadelphia, PA  19109                *Attorneys for Defendant*
Tel: (215) 772-1500                    Dover Downs, Inc.

DATED:  May 14, 2008

2301699v1

## CERTIFICATE OF SERVICE

I, hereby certify that on May 14. 2008, I caused a true and correct copy of the foregoing

Notice of Deposition of Plaintiff Faye D. White to be served by U.S. First Class Mail, postage

prepaid, upon the following:

> Faye D. White
> P.O. Box 1265
> Dover, DE  19903

> /s/ Lisa Zwally Brown
> Lisa Zwally Brown  (#4328)
> lzbrown@mmwr.com

# EXHIBIT E

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

ATTORNEYS AT LAW

LISA ZWALLY BROWN
ADMITTED IN DELAWARE

1105 NORTH MARKET ST., SUITE 1500
WILMINGTON, DE 19801-1201
302-504-7800
FAX 302-504-7820

DIRECT DIAL
(302) 504-7803

lzbrown@mmwr.com

May 14, 2008

<u>Via U.S. Mail</u>

Faye D. White
P.O. Box 1265
Dover, DE 19903

Re:    *White v. Dover Downs, Inc.*, Civ. A. No. 07-719-SLR (D. Del.)

Dear Ms. White:

I enclose the Notice of Deposition of Plaintiff Faye D. White in the above-referenced matter. I have scheduled your deposition for Wednesday, June 18, 2008 at 10:00 a.m. in my office at 1105 N. Market Street, Suite 1500, Wilmington, DE 19801. Please contact me as soon as possible if you have a scheduling conflict.

I also write to inquire as to the status of your responses to the Interrogatories and Document Requests that we served on April 3, 2008, which responses were due on May 5, 2008. We have not received your responses and, to my knowledge, you have not contacted anyone from my office regarding an extension to submit your responses. Additionally, we have not yet received your Initial Disclosures, as required by the Federal Rules of Civil Procedure.

Please contact me at your earliest convenience to confirm your receipt of the enclosed Notice and to update me as to the status of your discovery responses.

Sincerely yours,

Lisa Zwally Brown

LZB:rl
Enclosure

2302009v1

.

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FAYE D. WHITE,                          :
                                        :
        Plaintiff,                    :
                                        :
     v.                             :    Civil Action No.: 07-719-SLR
                                        :
DOVER DOWNS, INC.                       :
                                        :
        Defendant.                    :

### FIRST AMENDED NOTICE OF DEPOSITION OF PLAINTIFF FAYE D. WHITE

TO:    Faye D. White
        P.O. Box 1265
        Dover, DE  19903

       PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil

Procedure, Defendant Dover Downs, Inc., by its attorneys, will take the deposition upon oral

examination of Plaintiff Faye D. White on Wednesday, July 9, 2008 at 10:00 a.m. at the offices

of Montgomery, McCracken, Walker & Rhoads, LLP, 1105 North Market Street, Suite 1500,

Wilmington, DE  19801.  The deposition will be taken before a duly-authorized court reporter

qualified to administer oaths for the purposes set forth in the Federal Rules of Civil Procedure.


                                /s/ Lisa Zwally Brown
                                R. Montgomery Donaldson (#4367)
*Of Counsel:*                   *rdonaldson@mmwr.com*
                                Lisa Zwally Brown (#4328)
Edward T. Ellis (Pa. Id. No. 23680)       *lzbrown@mmwr.com*
Carmon M. Harvey (Pa. Id. No. 91444)    Montgomery, McCracken,
Montgomery, McCracken,           Walker & Rhoads, LLP
 Walker & Rhoads, LLP              1105 N. Market Street, Suite 1500
Philadelphia, PA  19109             Wilmington, DE  19801-1607
Tel:  (215) 772-1500                Tel:  (302) 504-7800
                                Fax:  (302) 504-7820
                                *Attorneys for Defendant*
DATED:  June 17, 2008             Dover Downs, Inc.

**CERTIFICATE OF SERVICE**

I, hereby certify that on June 17, 2008, I caused a true and correct copy of the foregoing

First Amended Notice of Deposition of Plaintiff Faye D. White to be served by U.S. First Class

Mail, postage prepaid, upon the following:

Faye D. White
P.O. Box 1265
Dover, DE  19903

/s/ Lisa Zwally Brown
Lisa Zwally Brown  (#4328)
lzbrown@mmwr.com

# EXHIBIT G

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

ATTORNEYS AT LAW

LISA ZWALLY BROWN
Admitted in Delaware

1105 NORTH MARKET ST., SUITE 1500
WILMINGTON, DE 19801-1201
302-504-7800
Fax 302-504-7820

DIRECT DIAL
(302) 504-7803

lzbrown@mmwr.com

June 17, 2008

**VIA U.S. MAIL**

Faye D. White
P.O. Box 1265
Dover, DE 19903

Re: *White v. Dover Downs, Inc.*, Civ. A. No. 07-719-SLR (D. Del.)

Dear Ms. White:

I enclose an Amended Notice of Deposition of Plaintiff Faye D. White in the above-referenced matter. I have re-scheduled your deposition for Wednesday, July 9, 2008 at 10:00 a.m. in my office at 1105 N. Market Street, Suite 1500, Wilmington, DE 19801.

I also write in follow-up to my May 14, 2008 letter – to which I received no response from you – to inquire as to the status of your responses to the Interrogatories and Document Requests that we served on April 3, 2008, which responses were due on May 5, 2008. Additionally, we have not yet received your Initial Disclosures, as required by the Federal Rules of Civil Procedure.

I have been in sporadic communication with Twig Burton, Esquire, whose office I understand represents you in another matter, but not the above-referenced case. Ms. Burton assured me several weeks ago that you were in the process of preparing your responses to Dover Downs's discovery requests, but I have not been able to reach Ms. Burton to confirm the status of your responses in recent weeks. We have no manner in which to contact you directly as we only have a post office box listing for you. We expect to receive your discovery responses in sufficient time to prepare for your deposition in this matter.

Please contact me at (302) 504-7803 no later than Friday, June 27, 2008 to confirm your receipt of the enclosed First Amended Notice and to update me as to the status of your discovery responses. If I do not hear from you by that time, I will have no choice but to move the Court to compel your discovery responses.

Sincerely,

Lisa Zwally Brown

Lisa Zwally Brown

LZB:rl
Enclosure

Cc: Twig Burton, Esquire

1513918-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAYE D. WHITE | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 07-719 |
| v. | : |
| | : |
| DOVER DOWNS, INC., | : |
| | : |
| Defendant. | : |

## ORDER

AND NOW, on this _____ day of _____, 2008, upon consideration

of Defendant's Motion to Dismiss for Failure to Prosecute or, Alternatively, Motion to Compel

the Deposition of Plaintiff, Responses to Defendant's Discovery Requests, and Plaintiff's Initial

Disclosures, it is hereby ORDERED that the motion is GRANTED.

It is FURTHER ORDERED that the Complaint is dismissed, with prejudice, for failure to

prosecute.

Alternatively, it is FURTHER ORDERED that, within five (5) days of this Order,

Plaintiff shall (1) contact counsel for Defendant to schedule a deposition at which Plaintiff must

appear, (2) serve on Defendant responses to Defendant's First Set of Interrogatories Directed to

Plaintiff Faye D. White, (3) serve on Defendant responses to Defendant's First Set of Document

Requests Directed to Plaintiff Faye D. White, and (4) serve on Defendant Plaintiff's Initial

Disclosures.  Failure of Plaintiff to comply with this Order shall result in dismissal of the

Complaint, with prejudice.

BY THE COURT:

_____
Sue L. Robinson, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FAYE D. WHITE                                    :
                                                 :
                  Plaintiff,                     :
                                                 :        Civil Action No. 07-719
        v.                                       :
                                                 :
DOVER DOWNS, INC.,                               :
                                                 :
                  Defendant.                     :

## CERTIFICATION OF COUNSEL

        I, James G. McMillan, III, hereby state that counsel for Defendant have in good faith

attempted to confer with Plaintiff regarding Plaintiff's failure to (1) appear for her deposition,

(2) produce responses to Defendant's First Set of Interrogatories Directed to Plaintiff Faye D.

White, (3) produce responses to Defendant's First Set of Document Requests Directed to

Plaintiff Faye D. White, and (4) serve her Initial Disclosures.  Specifically, as indicated in the

correspondence attached as Exhibits E and G to Defendant's Motion to Dismiss for Failure to

Prosecute or, Alternatively, Motion to Compel the Deposition of Plaintiff, Responses to

Defendant's Discovery Requests, and Plaintiff's Initial Disclosures, counsel for Defendant have

on numerous occasions by telephone and letter requested that Plaintiff appear for her deposition

and produce her overdue responses to Defendant's discovery requests, as well as to serve her

Initial Disclosures.

Accordingly, Plaintiff has left Defendant with no choice but to seek the Court's assistance in obtaining Plaintiff's appearance at her deposition, compelling responses to Defendant's discovery requests, and compelling service of Plaintiff's Initial Disclosures.

                                        /s/ James G. McMillan, III
                                        James G. McMillan, III (#3979)
                                        *jmcmillan@mmwr.com*
                                        MONTGOMERY, MCCRACKEN,
                                        WALKER & RHOADS, LLP
                                        1105 N. Market Street, Suite 1500
                                        Wilmington, DE  19801-1607
                                        Tel:  (302) 504-7800
                                        Fax:  (302) 504-7820
                                        *Attorneys for Defendant*
                                        Dover Downs, Inc.

DATED:  July 9, 2008

-2-

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Defendant's Motion

to Dismiss for Failure to Prosecute or, Alternatively, Motion to Compel the Deposition of

Plaintiff, Responses to Defendant's Discovery Requests, and Plaintiff's Initial Disclosures,

Certification of Counsel, and proposed form of Order to be served by United States mail, postage

prepaid, upon the following:

> Faye D. White
> P.O. Box 1265
> Dover, DE  19903

Dated:  July 9, 2008                    _/s/ James G. McMillan, III_____
                                        James G. McMillan

2322095v1